IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GREGORY J. TURLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Case No.   01-188-MJR** |
| vs. ) | |
| ) | |
| **ROGER COWAN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

**FRAZIER, Magistrate Judge:**

Before the Court are pending motions. Plaintiff's motions for an extension of time (Doc. Nos. 85, 94) are GRANTED. The response filed on November 15, 2005, is accepted as timely filed.

Plaintiff's motion for hearing (pt. of Doc. No. 86) is DENIED. The Court is not persuaded that further participation is warranted.

Also pending is plaintiff's motion to strike defendants' motion for summary judgment (Doc. No. 89). Plaintiff suggests that defendant's summary judgment motion is barred by the doctrine of res judicata. Res judicata bars suit where there is a final judgment on the merits, identity of issues, and identity of parties or their privies. *Prochotsky v. Baker & McKenzie*, 966 F.2d 333, 334 (7th Cir. 1992). Because the ruling on defendants' first motion for summary judgment is not a final judgment on the merits of the claims asserted in plaintiff's Amended Complaint, this aspect of plaintiff's motion is rejected.

Plaintiff also objects to some of the evidence offered in support of defendants' motion. He argues that portions of his deposition are not relevant to this litigation. Objections raised in the

deposition are part of the transcript. The Court will not consider irrelevant testimony when evaluating the arguments supporting defendants' request for summary judgment.

Plaintiff also suggests that he was not able to review his deposition and sign a statement reciting changes. However, plaintiff does not suggest that he would have made changes if he had reviewed the transcript of his deposition. Accordingly, this argument lacks substance.

Finally, plaintiff asks that the entire transcript of his deposition be considered. Rule 32(a)(4) of the Federal Rules of Civil Procedure provides:

> If only part of a deposition is offered in evidence by a party, an adverse party may require the offeror to introduce any other part which ought in fairness be considered with the part introduced, and any party may introduce any other parts.

Fed. R. Civ. P. 32(a)(4). Because plaintiff believes that portions of his testimony are presented out of context, the defendants are DIRECTED to supplement the record with a complete copy of plaintiff's deposition. In all other respects, the motion to strike (Doc. No. 89) is DENIED.

Also pending is plaintiff's motion to compel discovery (Doc. No. 91), which relates to objections posed to Interrogatory Nos. 1 and 8. This motion is governed by Rule 37 of the Federal Rules of Civil Procedure, which provides that motions to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed. R. Civ. P. 37(a)(2)(B). Because there is no indication that plaintiff initiated a discussion in a good faith effort to resolve his discovery dispute without court intervention, the motion (Doc. No. 91 is premature and DENIED.

Also pending is plaintiff's renewed motion for appointment of counsel (Doc. No. 96). Upon consideration of all relevant factors, the Court declines to exercise its discretion to appoint counsel at this stage of the proceedings. Plaintiff is competent and capable of representing himself throughout the pretrial phase of this litigation and appointment of counsel at this time would not provide a substantial benefit to the Court or the parties. However, plaintiff's litigation skills may

not suffice at a jury trial.  Accordingly, this motion (Doc. No. 96) is DENIED without prejudice to plaintiff's right to seek appointment of counsel for purposes of trial.

Also pending is plaintiff's "petition for interrogatories before action" and defendants' motion to strike that petition (Doc. Nos. 97, 99)  Plaintiff seeks leave to discover facts by serving interrogatories on individuals who may become parties in future litigation.  Because this is not a proper or valid effort to perpetuate known testimony, the motion to strike (Doc. No. 99) is GRANTED and the petition (Doc. No. 97) is ORDERED STRICKEN.

**IT IS SO ORDERED.**

**DATED:**   **November 29, 2005**   .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**