IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY J. TURLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 01-cv-0188-MJR |
| | ) |
| ROGER COWAN, | ) |
| JULIE MARRY, | ) |
| DENNIS WHITTENBURG, | ) |
| ROBERT GALES, | ) |
| KENNETH R. BRILEY, | ) |
| JOE COWAN, | ) |
| EUGENE MACADORY, and | ) |
| DAN OHLAU, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

**I. FACTS AND PROCEDURAL HISTORY**

This case is an action by a prisoner seeking relief under **42 U.S.C. § 1983** for alleged retaliation resulting from his filing a grievance within the prison system. Petitioner proceeds pro se. Petitioner has amended his complaint to substitute specific prison employees for "John Doe" Defendants. Those Defendants claim that the amendment is untimely and disallowed.

When he filed his initial Petition, he did not know all of the names of the Defendants against whom he wished to take action. Eventually, he learned their names and moved for leave to amend his complaint (Doc. 40). Such motions are routinely referred to the United States Magistrate Judge assigned to the case, in this case Clifford J. Proud. Judge Proud denied the motion for failure to submit a proposed amended complaint (Doc. 53). Petitioner remedied this defect and renewed

1

his motion (Doc. 55), which this time was granted (Doc. 57), and the complaint was so amended (Doc. 58). Some time later, the case was reassigned to United States Magistrate Judge Phillip M. Frazier (Doc. 56).

On August 17, 2005, the three defendants who were listed in the initial petition as "Does"—Joe Cowan, Eugene MacAdory and Dan Ohlau—moved for judgment on the pleadings pursuant to **Fed. R. Civ. P. 12(c)**, stating that the statute of limitations on Petitioner's action had expired (Doc. 80). Petitioner responded (Doc. 88).

## II. ANALYSIS

### A. APPLICABLE LEGAL STANDARD

**Federal Rule of Civil Procedure 12(c)**, which governs motions for judgment on the pleadings, provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

The United States Court of Appeals for the Seventh Circuit has explained that a District Court should grant a Rule 12(c) motion "only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief, and the moving party demonstrates that there are no material issues of fact to be resolved." ***Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 798 (7th Cir. 2004),** *citing **Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 718-19 (7th Cir. 2002).** Motions under Rule 12(c) are usually treated identically with motions under 12(b)(6). ***See, e.g., Scala v. Am. Airlines*, 249 F. Supp. 2d 176 (D. Conn. 2003); *Christy v. We the People***

2

*Forms & Serv. Ctrs., U.S., Inc.*, **213 F.R.D. 235 (D.N.J. 2003).**

Dismissal under Rule 12(c) is appropriate when the statute of limitations has expired. *See, e.g.*, *Frey v. Bank One*, **91 F.3d 45 (7th Cir. 1996).** In actions under § 1983, federal courts apply the statute of limitations of the forum state. *See, e.g.*, *Wilson v. Garcia*, **471 U.S. 261, 276 (1985).** In Illinois, the statute of limitations on § 1983 actions is two years. *See Kalimara v. Illinois Dept. of Corrections*, **879 F.2d 276, 277 (7th Cir. 1989).**

Because this motion concerns an amended complaint, the Court must consider the "relation back" doctrine under **Fed. R. Civ. P. 15(c)**. This rule states that an amended complaint relates back to the date of the original pleading when the amended material arose out of the same conduct or occurrence set forth in the original pleading *or* when the amendment changes the name of a party who knew or should have known about the action and who would not be prejudiced by being added. The Seventh Circuit has come down squarely on point in ruling that it is unacceptable to substitute a specific name for a John Doe after the statute of limitations has run. *See Baskin v. City of Des Plaines*, **138 F.3d 701, 704 (7th Cir. 1998 )(§ 1983 case);** *Worthington v. Wilson*, **8 F.3d 1253, 1526 (7th Cir. 1993)(also a § 1983 case);** *Wood v. Worachek*, **618 F.2d 1225, 1230 (7th Cir. 1980)(also a § 1983 case).**

B. APPLICATION OF THE STANDARD TO THE CASE AT BAR

In this case, there is no question that Petitioner filed his petition within the statute of limitations after the alleged retaliation occurred. The three moving Defendants assert that the action is time-barred only as to themselves. They claim that it was insufficient for Petitioner to name them as John or Jane Does and substitute their names later, and they make no comment as to the substance of the case against the other Defendants. Their claim is identical to those made in *Baskin*,

*Worthington* and *Wood*, and those cases control.  The statute of limitations had run long before their names were added. Thus Petitioner will not be allowed to amend his complaint to add these three Defendants.

### III.  ORDER AND CURRENT STATUS OF THE CASE

For the reasons indicated above, the Court hereby **GRANTS** Defendants' motions for judgment on the pleadings (Doc.  80).  Defendants Joe Cowan, Eugene MacAdory and Dan Ohlau are hereby **TERMINATED** from the case.

This order does not affect any outstanding claim or prayer for relief in this case as they relate to the remaining Defendants.

**IT IS SO ORDERED.**

**DATED this 9th day of March, 2006.**

s/Michael J.  Reagan
MICHAEL J. REAGAN
United States District Judge
