IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY J. TURLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 01-cv-0188-MJR |
| | ) |
| ROGER COWAN, | ) |
| JULIE MARRY, | ) |
| DENNIS WHITTENBURG, | ) |
| ROBERT GALES, | ) |
| KENNETH R. BRILEY, | ) |
| JOE COWAN, | ) |
| EUGENE MACADORY, and | ) |
| DAN OHLAU, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

This case is an action by a prisoner seeking relief under **42 U.S.C. § 1983** for alleged retaliation resulting from his filing a grievance within the prison system. Plaintiff proceeds pro se. There are three motions outstanding. First, Defendants have filed a motion for summary judgment (Doc. 83). Second, Plaintiff has filed a motion for preliminary injunction (Doc. 86). Both were referred to United States Magistrate Judge Phillip M. Frazier. The last item is a motion by Defendants to strike an appeal undertaken by Plaintiff (Doc. 101).

**I. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. 83)**

On September 7, 2005, Defendants moved for summary judgment pursuant to **Fed. R. Civ. P. 56(b)** (Doc. 83). After receiving an extension of the filing deadline, Plaintiff filed a response on November 15, 2005 (Doc. 102). On March 3, 2006, Magistrate Judge Frazier issued

1

a Report and Recommendations (Doc. 114) recommending that the motion be granted in part and denied in party. Specifically, he recommended that summary judgment be entered in favor of Defendant Briley at the close of the case, and that no other Defendant be granted summary judgment. No objections were filed. Pursuant to **28 U.S.C. § 636(b)**, this Court need not conduct de novo review. ***Thomas v. Arn*, 474 U.S. 140, 159-62 (1985);** ***Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).** Thus the motion will be granted in part and denied in part, and Defendant Briley will be granted summary judgment at the close of the case.

## II.  PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DOC. 86)

Plaintiff filed a motion for preliminary injunction (Doc. 83), asking that the Department of Corrections (DOC) be ordered to show cause as to why he is in the segregation unit, alleging that he was intimidated, assaulted and retaliated against, and demanding an investigation and prosecution. Because this is not the purpose of injunctions, Magistrate Judge Frazier recommended that the motion be denied (Doc. 106). After receiving an extension of time in which to file (Doc. 112), Plaintiff filed his objection to the Report on December 27, 2005 (Doc. 113).

Because timely objections were filed, this Court must review *de novo* those portions of the Report to which specific objections have been made. **28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Local Rule 73.1(b);** ***Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992).** The Court may accept, reject, or modify the recommended decisions, or recommit the matter to the Magistrate Judge with instructions. **Fed. R. Civ. P. 72(b); Local Rule 73.1(b);** ***Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999).**

Plaintiff has alleged actions on the part of the DOC which, if true, would be violations of his Constitutional rights. But as Magistrate Judge Frazier noted, to obtain a

preliminary injunction, a movant must show that he is likely to succeed on the merits of his complaint, that there is no adequate remedy at law, and that he will suffer irreparable harm if the injunction is not granted. **Fed. R. Civ. P. 65(a);** *Storck, USA, L.P. v. Farley Candy Co.*, **14 F.3d 311, 313-14 (7th Cir. 1994).** In his motion Plaintiff does not establish any of these elements, thus Magistrate Judge Frazier recommended that the motion be denied. In his objection, Plaintiff suggested that Magistrate Judge Frazier was "calling him a liar" and "fail[ing] to acknowledge" the DOC's alleged actions. But Magistrate Judge Frazier made no ruling as to whether Plaintiff may be able to obtain relief, nor does this Court. Rather, we stress that relief is available for the violations alleged by Plaintiff (if proven), but not in the form of a preliminary injunction. Thus the motion will be denied.

### III.  DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S APPEAL (DOC. 101)

Petitioner filed a motion to compel discovery (Doc. 68) on July 5, 2005. On July 28, 2005, that motion was denied by Magistrate Judge Philip M. Frazier (Doc. 75). Plaintiff timely filed a motion for reconsideration pursuant to **Fed. R. Civ. P. 59(e)** (Doc. 76), which was denied on October 17, 2005 (Doc. 98). On October 27, 2005, Plaintiff appealed the denial of his motion to the undersigned District Judge (Doc. 100). Defendants moved to "strike" (actually, to deny) the motion as untimely under **Local Rule 73.1(a)** (Doc. 101). That Rule gives litigants wishing to appeal a decision of a Magistrate Judge ten days to do so.

Defendants are correct in their statement of the rule but incorrect in their understanding of its application. A motion to reconsider an order on a matter over which the deciding Judge still has jurisdiction (i.e., it has not been appealed) removes the "finality" of an order and tolls the ten-day period within which a litigant must appeal. The ten-day period starts anew


when the motion to reconsider has been resolved. Thus the motion will be denied.

## IV. CONCLUSION AND ORDER

For the reasons stated above, the Court **ADOPTS** Magistrate Judge Frazier's Reports and Recommendations (Docs. 106, 114), **GRANTS IN PAT AND DENIES IN PART** Defendants' motion for summary judgment (Doc. 83), **DENIES** the motion for preliminary injunction (Doc. 86), and **DENIES** Defendants' motion to strike (Doc. 101). Defendant Briley will be granted summary judgment at the close of the case.

**IT IS SO ORDERED.**

**DATED this 25th day of May, 2006.**

                                                  s/Michael J. Reagan  
                                                 **MICHAEL J. REAGAN**  
                                                 **United States District Judge**